UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITIBANK, NA,

    Plaintiff,

  v.

LAMESHA ROBERTSON,

    Defendant.

Case No. 16-cv-05553-JCS

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED TO STATE COURT**

/ / /

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Defendant Lamesha Robertson removed this action from the Superior Court of California for the County of San Mateo and now applies to proceed in forma pauperis. Good cause showing, that application is GRANTED.

## II. ORDER TO SHOW CAUSE

For the reasons discussed below Robertson is ORDERED to show cause why this action should not be remanded to the Superior Court by **filing a response no later than October 13, 2016**, and by **appearing on Friday, October 14, 2016 at 9:30 AM** in Courtroom G, located on the fifteenth floor of the San Francisco federal courthouse at 450 Golden Gate Avenue.

### A. Failure to Include Pleadings

Pursuant to 28 U.S.C. § 1446(a), any notice of removal must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Robertson's notice of removal here does not include any process, pleadings, or orders from the underlying state action. Robertson is therefore ORDERED to show cause why the case should not be remanded for that procedural defect by filing the pleadings and any orders from the state court

action, including but not limited to the complaint in that action, no later than October 13, 2016.[1]

### B. Jurisdiction and Standing for Removal

Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. Federal district courts may only hear cases falling within the limited scope of their subject matter jurisdiction. Two commonly invoked grounds for subject matter jurisdiction are "diversity jurisdiction" under 28 U.S.C. § 1332 and "federal question jurisdiction" under 28 U.S.C. § 1331.

The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). A district court may remand a case to state court sua sponte if it determines that jurisdiction is lacking. 28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

#### 1. Local Defendants Cannot Remove Based on Diversity Jurisdiction

Robertson's primary argument for removal appears to be diversity jurisdiction. *See* Notice of Removal (dkt. 1) at 5−6, 33. The diversity jurisdiction statute, 28 U.S.C. § 1332, provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Robertson asserts that she is "from California," while Plaintiff Citibank, NA is a Delaware corporation and Bank of America, NA (perhaps also a plaintiff, although that is not clear from the notice of removal) is a North Carolina corporation.

---

[1] If the plaintiff or plaintiffs in this case receive notice of this Order, they are instructed to file a copy of their complaint in the record.

1  Notice of Removal at 5.  She also asserts that "the value in controversy exceeds $75,000.00." *Id.*

2  Although most cases that could have been filed in federal court may be removed from state

3  court, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be

4  removed if any of the parties in interest properly joined and served as defendants is a citizen of the

5  State in which such action is brought." 28 U.S.C. § 1441(b)(2).  As a citizen of California,

6  Robertson cannot invoke diversity jurisdiction under § 1332 to remove an action filed in

7  California state court.

8  Further, Robertson's mere assertion that the amount in controversy exceeds $75,000 is not

9  sufficient; she must show that to be true based either on either the complaint in the state court

10 action or evidence.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

### 2.  No Federal Question Is Apparent

District courts have jurisdiction—commonly known as "federal question" jurisdiction—over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

Without the underlying complaint in the record, the Court cannot say with certainty whether the claims alleged there give rise to federal question jurisdiction.  Robertson's notice of removal suggests, however, that the underlying cause of action in state court is unlawful detainer. *See* Notice of Removal at 5 ("MERS does not have the status of someone entitled to enforce the note and therefore cannot foreclose and does not have standing to sue for unlawful detainer. . . . CITIBANK, NA and BANK OF AMERICA, NA are strangers to the transaction and have no standing to file an unlawful detainer case . . . ."); *id.* at 6 ("The Plaintiff was allowed to file an unlawful detainer case against me without standing.").  Although the notice of removal also

includes references to due process issues under the United States Constitution and violations of the federal Fair Debt Collection Practices Act, it does not suggest that the *plaintiffs* have brought claims under any federal law, and any federal arguments that Robertson may raise as a defendant are not sufficient to invoke federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392−93. The Court finds no basis for federal question jurisdiction apparent from the notice of removal.

### C. Conclusion

For the reasons discussed above, Robertson is ORDERED to show cause why this action should not be remanded to the Superior Court by filing a response no later than October 13, 2016, and by appearing on Friday, October 14, 2016 at 9:30 AM in Courtroom G, located on the fifteenth floor of the San Francisco federal courthouse at 450 Golden Gate Avenue.

Robertson, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office, and telephone appointments are available. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: October 6, 2016

JOSEPH C. SPERO
Chief Magistrate Judge